## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC MOLNAR, | : | CIVIL ACTION NO. |
|     Petitioner, | : | 3:15-cv-00800 (JCH) |
| | : | |
|   v. | : | |
| | : | |
| WARDEN MALDONADO, et al., | : | FEBRUARY 16, 2016 |
|     Respondents. | : | |

### RULING RE: MOTION TO DISMISS (DOC. NO. 6), PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 1), & MOTIONS TO APPOINT COUNSEL (DOC. NOS. 7 & 14)

The petitioner, Eric Molnar ("Molnar"), an inmate currently confined at the Osborn Correctional Institution in Somers, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to section 2254 of title 28 of the United States Code.  He challenges his 2001 convictions for kidnapping, unlawful restraint, assault, and sexual assault.  The respondents have filed a Motion to Dismiss (Doc. No. 6) the petition on the ground that it is barred by the statute of limitations.  For reasons that follow, the Motion to Dismiss is granted.

## I.    LEGAL STANDARD

Federal courts will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  See 28 U.S.C. § 2254(a).  A claim that a state conviction was obtained in violation of state law is not cognizable in federal court.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Section 2244(d)(1) of title 28 of the United States Code imposes a one-year statute of limitations on the filing of a federal petition for a writ of habeas corpus

challenging a judgment of conviction imposed by a state court.  A state prisoner seeking

federal habeas relief must file his petition within one year of the latest of:

>        (A) the date on which the judgment becomes final by the
>        conclusion of direct review or the expiration of the time for seeking
>        such review;
>
>        (B) the date on which the impediment to filing an application
>        created by State action in violation of the Constitution or laws of the
>        United States is removed, if the applicant was prevented from filing
>        by such State action;
>
>        (C) the date on which the constitutional right asserted was
>        initially recognized by the Supreme Court, if the right has been
>        newly recognized by the Supreme Court and made retroactively
>        applicable to cases on collateral review; or
>
>        (D) the date on which the factual predicate of the claim or
>        claims presented could have been discovered through the exercise
>        of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The limitations period may be tolled for the period during

which a properly filed state habeas petition is pending.  See 28 U.S.C. 2244(d)(2).

The limitations period is not a "jurisdictional bar."  Smith v. McGinnis, 208 F.3d

13, 17 (2d Cir. 2000).  Consequently, the court may equitably toll the limitations period

set forth in 28 U.S.C. § 2244(d).  See id.  Equitable tolling may be applied in habeas

cases only in extraordinary and rare circumstances and requires the petitioner to

demonstrate: (1) "that he has been pursuing his rights diligently," and, (2) "that some

extraordinary circumstance stood in his way and prevented timely filing."  Holland v.

Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  The threshold for

petitioner to establish equitable tolling is high.  See Smith, 208 F.3d at 17.

The standard for determining whether a petitioner diligently pursued his rights is reasonable diligence.  The court must determine whether the petitioner has shown that he "act[ed] as diligently as reasonably could have been expected under the circumstances."  Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).  Furthermore, the petitioner must have "acted with reasonable diligence throughout the period he seeks to toll."  Smith, 208 F.3d at 17.

When reviewing the extraordinary circumstances, the court considers "the severity of the obstacle impeding compliance with [the] limitations period" set forth in 28 U.S.C. § 2244(d).  Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011).  The inquiries into extraordinary circumstances and reasonable diligence are related.  The petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing."  Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).  A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence, [he] could have filed on time notwithstanding the extraordinary circumstances."  Id.

## II.   FACTUAL BRACKROUND

On November 28, 2001, in the Connecticut Superior Court for the Judicial District of Hartford at New Britain, a jury found the petitioner guilty of two counts of kidnapping in the first degree in violation of Connecticut General Statutes § 53a-92(a)(2), one count of unlawful restraint in the first degree in violation of Connecticut General Statutes § 53a-95(a), one count of assault in the second degree in violation of Connecticut General Statutes § 53a-60(a)(1), and one count of sexual assault in a spousal relationship in

3

violation of Connecticut General Statutes § 53a-70b(b). <u>See</u> <u>State v. Molnar</u>, 79 Conn.App. 91, 93-95 (Conn. App. Ct. 2003). A judge sentenced Molnar to a total effective sentence of seventy-five years of imprisonment, execution suspended after twenty-two years and followed by thirty-five years of probation with conditions. <u>See</u> <u>id.</u> at 95. On August 26, 2003, the Appellate Court of Connecticut affirmed the judgment of conviction. <u>See</u> <u>id.</u> at 111.

Molnar moved for certification to appeal from the decision of the Appellate Court. On October 1, 2003, the Supreme Court of Connecticut granted the petition for certification on the following issue: "Did the Appellate Court properly conclude that the trial court did not abuse its discretion in declining to recuse itself from the sentencing of the defendant?" <u>State v. Molnar</u>, 266 Conn. 917 (2003). On October 26, 2004, the Supreme Court of Connecticut affirmed the decision of the Connecticut Appellate Court. <u>See</u> <u>State v. Eric M.</u>, 271 Conn. 641, 655 (2004).

On July 1, 2008, the Supreme Court of Connecticut decided <u>State v. Salamon</u>, 287 Conn. 509 (2008). In that decision, the court narrowed and modified the definition of what the State must prove to convict a person of kidnapping in conjunction with another crime. The court held that "to commit a kidnapping in conjunction with another crime, a defendant must intend to prevent the victim's liberation for a longer period of time or to a greater degree than that which is necessary to commit the other crime." <u>Id.</u> at 542. The court concluded that there were factual questions to be determined regarding whether the defendant's conduct constituted a kidnapping or whether it was

4

merely incidental to the assault on the victim.  Thus, the court reversed the conviction for kidnapping and remanded the case for a new trial on that charge.  Id. at 549-50.

On July 1, 2008, the Supreme Court of Connecticut also decided State v. Sanseverino, 287 Conn. 608 (2008).  In that direct appeal, the court applied the decision in Salamon retroactively and determined that the restraint on the victim was used solely for the purpose of sexually assaulting her.  The court concluded that the defendant was entitled to a reversal of his first degree kidnapping conviction because no reasonable jury could have found that the restraint used by the defendant in the commission of the kidnapping was not incidental to and necessary for the commission of the sexual assault.  See id. at 625-26.[1]  On January 5, 2011, the Supreme Court of Connecticut decided a case in which it held that the Sanseverino and Salamon holdings may be applied retroactively to final judgments of conviction on collateral review and that the state was entitled to retry the case against the defendant before a properly instructed jury.  See Luurtsema v. Comm'r of Corr., 12 A.3d 817 (Conn. 2011).

On August 9, 2010, Molnar filed a habeas petition in state court challenging his

---

[1] The Supreme Court reversed the Appellate Court's decision and remanded the case to the Appellate Court with direction to reverse the judgment of the trial court as to first degree kidnapping conviction and to remand the case to the trial court with direction to enter judgment of not guilty on that charge and to affirm the judgment of the trial court in all other respects.  On May 19, 2009, the Supreme Court of Connecticut granted the State of Connecticut's motion for reconsideration en banc and determined that it had improperly precluded the State of Connecticut from deciding whether to re-try the defendant on the first degree kidnapping charge and ordered that a remand for a new trial on that charge was the proper remedy rather than a judgment of acquittal.  The court also granted the State of Connecticut's request that, if it decided not to retry the defendant on the first degree kidnapping charge, the trial court could render a judgment of conviction on the lesser included offense of unlawful restraint in the second degree.  See State v. Sanseverino, 291 Conn. 574 (2009).

conviction on the ground that the trial judge had failed to give the jury a <u>Salamon</u> kidnapping instruction.  <u>See Molnar v. Comm'r</u>, No. CV114003914, 2012 WL 6634602, at *2 n.1 (Conn. Super. Ct. Nov. 20, 2012).  The petitioner filed a second state habeas petition on December 14, 2010.  <u>See id.</u> at *2.  The court consolidated the two petitions. <u>See id.</u> at *2 n. 1.

On November 20, 2012, the judge granted the respondent's motion for summary judgment, denied Molnar's motion for summary judgment, and denied the petition for writ of habeas corpus.  <u>See id.</u> at *4.  On December 2, 2014, the Appellate Court of Connecticut affirmed the decision of the trial court.  <u>See Eric M. v. Comm'r of Corr.</u>, 153 Conn.App. 837 (Conn. App. Ct. 2014).  On January 14, 2015, the Supreme Court of Connecticut denied the petition for certification to appeal from the decision of the Connecticut Appellate Court.  <u>See Eric M. v. Comm'r of Corr.</u>, 315 Conn. 915 (2015). Molnar filed the present action on May 26, 2015, when the petition and filing fee were received by the court.

## III.    DISCUSSION

The respondents argue that the petition is barred by the statute of limitations. Molnar contends that an attorney who represented him in his state habeas petition suggested that he had one year from the disposition of the state habeas petition by the Supreme Court of Connecticut, in January 2015, to file a federal petition.  Thus, the present petition was timely filed in May 2015.

The respondent argues that Molnar's conviction became final and the limitations period began to run on January 25, 2005, at the conclusion of the ninety-day period of

6

time within which Molnar could have filed a petition for certiorari at the United States Supreme Court seeking review of the decision of the Supreme Court of Connecticut affirming his convictions.  See 28 U.S.C. § 2244(d)(1)(A); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (adopting the position that " 'direct review,' as used in Section 2244(d)(1)(A), includes direct review by the United States Supreme Court via writ of certiorari, and that limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari").  Accordingly, the respondents argue that the statute of limitations expired one year later, on January 24, 2006.  Because Molnar did not file his state habeas petition until August 10, 2010, that petition did not toll the statute of limitations.

The respondent argues that none of the provisions set forth in section 2244(d)(1)(B)-(D) of title 28 of the United States Code applies with regard to the date on which the limitations period began to run.  The court agrees.  The petitioner has set forth no allegations to suggest that any impediment created by the State of Connecticut prevented him from filing a state habeas petition to challenge his conviction as soon as the decision in the Salamon case was issued.  See 28 U.S.C. 2244(d)(1)(B) (limitations period begins to run on date of removal of impediment created by the state that prevented filing of habeas petition).

Neither does section 2244(d)(1)(C) of title 28 of the United States Code apply.  Although on July 1, 2008, the Supreme Court of Connecticut, in Salamon, reinterpreted the kidnapping statute under which Molnar had been convicted and, on the same date, applied that holding retroactively in Sanseverino, those decisions were based on state

7

law and did not recognize a new constitutional right.  See 28 U.S.C. 2244(d)(1)(C)(limitations begins to run from "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (section 2244(d)(1)(C) explicitly applies to a decision by the United States Supreme Court recognizing a new constitutional right).

Furthermore, even if section 2244(d)(1)(C) were applicable, the statute of limitations began to run on the date the new right was recognized, not on the date it became retroactive.  See Dodd v. United States, 545 U.S. 353, 358-59 (2005).  Even if these state court decisions triggered a new limitations period, it expired on June 30, 2009.  See Objection to Motion to Dismiss at 8, ¶ 21 (Doc. No. 15).  Molnar filed his state habeas petition on August 9, 2010, more than one year after the decisions in Salamon and Sanseverino.

Nor does the provision of section 2244(d)(1)(D) of title 28 of the United States Code apply.  The substantive changes in the kidnapping statute set forth in Salamon and Sanseverino do not constitute a new factual predicate under section 2244(d)(1)(D). See Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007) ("[t]hough some state court judgments could potentially constitute a trigger for a new limitations period under AEDPA . . . we do not find that a state court decision modifying substantive law constitutes a 'factual predicate' under § 2244(d)(1)(D) justifying a new one-year limitations period"); Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) ("a state-

8

court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim"); see also Dowling v. Connell, No. 09-CV-3975(JFB), 2010 WL 1849269, at *4 (E.D.N.Y. May 6, 2010) (citing cases).

Molnar contends that he is entitled to equitable tolling of the statute of limitations. He claims that the attorney who represented him in the appeal of his state habeas petition improperly advised him, in January 2015, that he had a year to file his federal petition, as of the date of the Supreme Court of Connecticut's denial of the petition for certification to appeal the decision of the Appellate Court of Connecticut.  As indicated above, by the time the petitioner had decided to file his state habeas petition, in August 2010, however, the limitations period had already lapsed.   Thus, any alleged misinformation provided by his state habeas attorney in 2015 cannot constitute an extraordinary circumstance or basis for tolling the statute of limitations.

The fact that the petition may not have known about the one-year statute of limitations for filing a federal habeas petition, or was generally unfamiliar with the law does not constitute an extraordinary circumstance to excuse the untimely filing of a federal habeas petition.  The Second Circuit and district courts within the Circuit are consistent in holding that neither a petitioner's pro se status, nor his unfamiliarity with the law, nor his lack of access to legal materials/assistance constitutes an extraordinary circumstance that provides a basis to toll the statute of limitations.  See, e.g., Smith, 208 F.3d at 18 (pro se status does not merit equitable tolling), Adkins v. Warden, 585 F. Supp. 2d 286, 297 (D. Conn. 2008), aff'd, 354 F. App'x. 564 (2d Cir. 2009) (holding

solitary confinement, lack of physical access to a law library, unfamiliarity with the law and legal rights, and limited high school education did not constitute extraordinary circumstances sufficient to warrant tolling of limitations period); Walker v. McLaughlin, No. 04-CV-6172(VEB), 2008 WL 941719, at *5 (W.D.N.Y. Apr. 4, 2008) (citing cases holding that ignorance of the law, illiteracy, lack of access to law clerks, and lack of fluency in English are not extraordinary circumstances warranting equitable tolling).

Thus, even if Molnar was not aware of the statute of limitations for filing a federal habeas petition, or had little knowledge of the law, those facts do not constitute an extraordinary circumstance warranting tolling of the limitations period.  Molnar offers no legally recognized basis for tolling the statute of limitations.

## IV.   CONCLUSION

The Motion to Dismiss (Doc. No. 6) is **GRANTED**.  The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** as barred by the statute of limitations.  See 28 U.S.C. § 2244(d)(1).  The Motions for Appointment of Counsel (Doc. Nos. 7, 14) are **DENIED** as moot.

The court concludes that jurists of reason would not find it debatable that Molnar failed to timely file this petition.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

10

the district court was correct in its procedural ruling").  The Clerk is directed to enter

judgment and close the case.

**SO ORDERED**.

     Dated at New Haven, Connecticut this 16th day of February 2016.


                              /s/ Janet C. Hall_____
                              Janet C. Hall
                              United States District Judge